Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM TAMBURELLI,<br><br>Plaintiff,<br><br>vs.<br><br>MASSAGE ENVY FRANCHISING, LLC,<br>MASSAGE ENVY SPA MARINA DEL REY, and<br>DOES 1-10, inclusive,<br><br>Defendant(s). | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.];<br>2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [Cal. Civ. Code § 1788 ET SEQ.]; and<br>3. CONVERSION<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

**COMPLAINT**
-1-

Plaintiff ADAM TAMBURELLI ("Plaintiff") alleges the following against Defendants MASSAGE ENVY FRANCHISING, LLC, and MASSAGE ENVY SPA MARINA DEL REY ("Defendants") upon information and belief based upon personal knowledge:

## INTRODUCTION

1. Plaintiff's Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2. Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

3. Furthermore, and ancillary to the aforementioned claim, Plaintiff brings this action for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA"), which prohibits debt collectors from engaging in unfair, deceptive, or oppressive conduct in connection with collection on alleged debts, and for Defendant's unlawful conversion of Plaintiff's property.

4. Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq.*.

6. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

7. Ancillary to Plaintiff's Claims arising under the EFTA, this court has jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's RFDCA and Conversion claims because together and along with Plaintiff's EFTA claims, they form part of the same case or controversy or they arise under a common nucleus of operative facts.

8. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

9. Plaintiff, ADAM TAMBURELLI ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6). Furthermore, Plaintiff is a "debtor" as defined by the RFDCPA, Ca. Civ. Code. § 1788.2(h) and a "person" as defined by 47 U.S.C. § 153(39).

10. At all relevant times herein, Defendants, MASSAGE ENVY FRANCHISING, LLC and MASSAGE ENVY SPA MARINA DEL REY ("Defendant"), was a company engaged in the business of providing massage services. Furthermore, Defendant was, at all times relevant herein, a company engaged by use of the mails or telephone in the business of collecting an alleged debt from Plaintiff which qualifies as "consumer debt" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(f). Defendant regularly attempts to collect consumer debts allegedly owed to it in the ordinary course of its business, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(c) and a "person"

**COMPLAINT**
-3-

as defined by 47 U.S.C. § 153(39).

11. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS
## ~EFTA~

13. On November 22, 2015, Plaintiff entered into an agreement with Defendant, whereby Defendant would deduct funds from Plaintiff's account on a reoccurring basis, in exchange for the use of Defendant's services for himself and his girlfriend. In or around September, 2016, Defendant notified Plaintiff that their monthly price would be increased for both people on his account, effective immediately.

14. Plaintiff went in person to Defendant's local branch located in Marina del Rey and informed them that he would like to cancel his service. However, Plaintiff was told that he would be required to sign a cancellation form releasing

Defendant from any and all liability in order to cancel his service. Out of concern for his legal rights, Plaintiff refused to sign, and repeated his request to cancel his service. Plaintiff was informed that the manager was not there, and that he would need to return at a later time and speak with him.

15. Shortly thereafter, on September 20, 2016, Plaintiff sent an email to Defendant's corporate office requesting cancellation of service. On September 22, 2016, Plaintiff sent another email to Defendant demanding cancellation of his account. Plaintiff clearly stated that he did not consent to the increase in monthly price and that Defendant did not have Plaintiff's consent to debit his bank account for the increased amount.

16. Despite Plaintiff's repeated and insistent requests to cancel his account, Defendant charged the increased amount to Plaintiff's bank account in December, 2016, and have continued to charge this amount to Plaintiff's account each month.

17. Defendant's automatic withdrawals caused Plaintiff to suffer a measurable and significant financial loss for which Defendant has since and continually refused to reimburse Plaintiff.

18. Plaintiff never provided Defendant with any authorization to deduct these sums of money on a regular recurring basis from Plaintiff's banking account. In fact, Plaintiff clearly expressed to Defendant in writing that he did not consent to the increased price for service, and that Defendant had no authorization to do so.

19. Defendant continued to automatically deduct unauthorized sums from Plaintiff several times without Plaintiff's authorization.

20. Furthermore, Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing these automatic payments.

21. Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

## FACTUAL ALLEGATIONS

### ~RFDCPA~

22. On November 22, 2015, Plaintiff set up an automated payment plan with Defendant whereby Defendant was authorized to take an agreed upon amount at the same time every month. Plaintiff's account was never short of sufficient funds to satisfy the monthly, automated payments, and all payments were made to Defendant as agreed at the same time and in the same amount.

23. Defendant began to deduct funds from Plaintiff's bank account that were neither owed to it nor authorized under the express agreement between Plaintiff and Defendant. E.g., in December 2016, Defendant began to deduct increased funds from Plaintiff's bank account that was neither due nor authorized.

24. RFDCPA, Cal. Civ. Code § 1788.17 mandates that every debt collector attempting to collect on a consumer debt comply with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692b – 1692j, inclusive of, and subject to, the remedies section of the FDCPA, 15 U.S.C. § 1692k.

25. Defendant's conduct violated the RFDCPA in multiple ways, including without limitation the following:

    a. Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. § 1692e(2)(A));

    b. Using false representations and deceptive practices in connection with collection on an alleged debt from Plaintiff (15 U.S.C. § 1692e(10)); and

    c. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt (15 U.S.C. §

1692f).

26. As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish, and emotional distress, and Defendant is therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I:
## DEFENDANT VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT

27. Plaintiff re-incorporates by reference all of the allegations contained in paragraphs 1-21.

28. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

29. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

30. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

31. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the

terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

32. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

33. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ADAM TAMBURELLI, respectfully requests judgment be entered against Defendants, MASSAGE ENVY FRANCHISING, LLC and MASSAGE ENVY SPA MARINA DEL REY, for the following:

   a. Statutory damages of $1,000.00, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);
   b. Actual damages;
   c. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);
   d. For prejudgment interest at the legal rate; and
   e. Any other relief this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff re-incorporates by reference all of the allegations contained

in paragraphs 1-26.

35. To the extent that Defendant's actions as described above violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ADAM TAMBURELLI, respectfully requests judgment be entered against Defendants, MASSAGE ENVY FRANCHISING, LLC and MASSAGE ENVY SPA MARINA DEL REY, for the following:

   a. Actual damages;

   b. Statutory damages for willful and negligent violations;

   c. Costs and reasonable attorney's fees; and

   d. For such other further relief as may be just and proper.

## COUNT III: CONVERSION

36. Plaintiff re-incorporates by reference all of the preceding paragraphs.

37. Without Plaintiff's consent, Defendant intentionally deprived Plaintiff of their rightful possession of funds within his bank account.

38. As a result of Defendant's actions, Plaintiff was deprived of his property, and has suffered anxiety and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ADAM TAMBURELLI, respectfully requests judgment be entered against Defendants, MASSAGE ENVY FRANCHISING, LLC and MASSAGE ENVY SPA MARINA DEL REY, for the following:

   a. An award of general damages in the amount to be adduced at trial, against Defendant;

   b. An award of special damages in an amount to be adduced at trial, against defendant;

   c. An award of punitive damages in the amount to be adduced at trial,

against Defendant; and

  d. Any and all other relief that this Court deems due, just, and proper.

## **TRIAL BY JURY**

39. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 6th day of June, 2017.

    LAW OFFICES OF TODD M. FRIEDMAN, P.C.


    By: /s/ Todd M. Friedman
       Todd M. Friedman
       Law Offices of Todd M. Friedman
       Attorney for Plaintiff